IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JUAN CARLOS AGUIRRE**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>Plaintiff,<br>v.<br><br>**ECONOMY CONSTUCTION, INC**, an Illinois corporation, and **JAVIER CERVANTES**, individually,<br><br>Defendants. | Civil Action<br><br><br><br>No.<br><br><br><br><br><br><br>JURY DEMAND |

## COMPLAINT

By and through his attorneys of record and on behalf of himself and all other similarly situated employees, known and unknown, the plaintiff, JUAN CARLOS AGUIRRE (the "Plaintiff"), hereby complains of the defendants, ECONOMY CONSTRUCTION, INC., Illinois company, and JAVIER CERVANTES, individually, (collectively the "Defendants"). Pleading hypothetically and in the alternative, the Plaintiff alleges as follows:

I. **INTRODUCTION**

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay the Plaintiff, and other similarly situated employees of the Defendants (the "Collective Class"), time and one-half compensation for the overtime (in excess of 40 in any given week) hours they worked. In Count I, the Plaintiff brings a claim pursuant to Section 216(b) of the FLSA.

2. In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*.

## II. **THE PARTIES**

3. The Plaintiff is an individual domiciled in the State of Illinois, and resides within this judicial district.

4. JAVIER CERVANTES is an individual who is domiciled in Illinois and resides within this judicial district.

5. At all times relevant to this action, ECONOMY CONSTUCTION, INC. is/was an Illinois corporation that maintains/maintained its registered office and principal place of business at 3001 W 55th Street, Chicago, IL 60632.

6. At all times relevant to this action, JAVIER CERVANTES is/was a corporate officer of ECONOMY CONSTRUCTION, INC.

7. Upon information and belief, at all times relevant to this action, JAVIER CERVANTES holds/held an ownership interest in ECONOMY CONSTRUCTION, INC.

8. Upon information and belief, at all times relevant to this action, JAVIER CERVANTES exercises/exercised significant control over ECONOMY CONSTUCTION, INC. day-to-day operations.

9. At all times relevant to this action, JAVIER CERVANTES is/was a manager at ECONOMY CONSTUCTION, INC., and has/had the power to hire and fire ECOMONY CONSTRUCTION, INC.'s employees, including the Plaintiff.

10. At all times relevant to this action, JAVIER CERVANTES has/had the power to set the work schedules of ECOMONY CONSTRUCTION, INC.'s employees, including the Plaintiff.

11. At all times relevant to this action, JAVIER CERVANTES has/had the power to set the pay rates of ECOMONY CONSTRUCTION, INC.'s employees, including the Plaintiff.

### III. JURISDICTION AND VENUE

12. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

13. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

14. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

15. Further, venue is proper pursuant to 28 U.S.C. § 1391, as ECOMONY CONSTRUCTION, INC. maintains/maintained its principal office at 3001 W. 55TH STREET, CHICAGO, IL 60632, and its principal place of business at or near the same address, which address is within the Northern District of Illinois.

### IV. STATUTORY CONSENT

16. The Plaintiff brings this case as a Collective action under the FLSA on behalf of himself and the Collective Class, and in accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action (attached as **Exhibit A**).

## V. GENERAL ALLEGATIONS

17. At all times relevant to this action, the Defendants, and each of them, were the Plaintiff's "employer" within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants act/acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

18. At all times relevant to this action, the Defendants, and each of them, were the Plaintiff's "employer" within the meaning of Section 3(c) of the IMWL in that the Defendants act/acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

19. At all times relevant to this action, the Defendants, and each of them, were the Plaintiff's "employer" within the meaning of Section 2 of the IWPCA in that the Defendants act/acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

20. At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

21. At all times relevant to this action, the members of the Collective Class are/were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

22. At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(d) of the IMWL.

4

23. At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 2 of the IWPCA.

24. At all times relevant to this action, the Defendants operated, and continue to operate, a construction business commonly known as "Economy Construction" which maintains its principal place of business at or near 3001 W 55th Street, Chicago, IL 60632.

25. Upon information and belief, ECONOMY CONSTRUCTION, INC. had gross receipts in excess of $500,000.00 in: a) 2010; b) 2011; c) 2012; d) 2013; e) 2014; f) 2015; and g) the twelve-month period between and including April 1, 2015 and March 31, 2016.

26. Upon information and belief, the Defendants' construction business had gross receipts in excess of $500,000.00 in: a) 2010; b) 2011; c) 2012; d) 2013; e) 2014; f) 2015; and g) the twelve-month period between and including April 1, 2015 and March 31, 2016.

27. During the course of his employment by the Defendants, the Plaintiff handled goods that moved in interstate commerce including but not limited to paint, prefabricated drywall sheets, Portland cement, plaster, drywall joint compound, paint thinner and other cleaning solvents.

28. During the course of their employment by the Defendants, the Collective Class handled/handles goods that moved in interstate commerce including but not limited to paint, prefabricated drywall sheets, Portland cement, plaster, drywall joint compound, paint thinner and other cleaning solvents.

29. During the course of their employment by the Defendants, the Plaintiff and the Collective Class were/are not exempt from the overtime wage and minimum wage provisions of the FLSA.

5

30. During the course of their employment by the Defendants, the Plaintiff and was not exempt from the overtime wage and minimum wage provisions of the IMWL.

31. The Plaintiff was employed by o the Defendants from about May, 2011, until about September 5, 2015.

32. During the course of his employment, on average, the Defendants allowed the Plaintiff worked between 50 and 60 hours each week.

33. During the course of his employment, the Defendants paid the Plaintiff $15.00 per hour for his labor.[1]

34. During the course of his employment, the Defendants failed and refused to pay the Plaintiff compensation at a rate not less than one and one-half times his regular hourly rate of $15.00, for the overtime (in excess of 40 in any given week) hours that he worked.

35. Upon information and belief, the Defendants allowed/allow the Collective Class members to work, on average, between 50 and 60 hours per week.

36. Upon information and belief the Defendants failed and refused to pay the Collective Class members at rates not less than one and one-half times their respective, regular hourly rates for the overtime hours that they work.

37. Upon information and belief, the Defendants continue the practice of failing to pay overtime compensation to the Collective Class members through the present day.

---

[1] However, the Defendants shorted the Plaintiff for some hours altogether toward the end of his employment. This is treated in Count III.

## COUNT I
## (Violation of the FLSA)

38. The Plaintiff re-alleges the foregoing allegations.

39. Among other ways, the Defendants violated the FLSA by:

   a. failing to pay the Plaintiff at a rate not less than one and one-half times his regular hourly rate of $15.00 for the overtime hours that he worked; and

   b. failing to provide the Plaintiff with pay stubs that listed his hourly wage rate and the number of hours he worked each week.

40. Upon information and belief, among other ways, the Defendants also violated the FLSA by:

   a. failing to pay the Collective Class members at rates not less than one and one-half times their respective, regular hourly rates; and

   b. failing to provide the Collective Class members with pay stubs that listed/list their respective hourly wage rates and the respective number of hours they worked/work each week.

41. The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

42. The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the Plaintiff, on behalf of himself and the Collective Class, prays for judgment in his favor and against the Defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the Defendants failed to pay the plaintiffs at rates not less than one and one-half times their respective regular, hourly rates (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. statutory liquidated damages as allowed by the FLSA;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

## COUNT II
## (Violation of the IMWL)

43. The Plaintiff re-alleges the foregoing allegations.

44. Among other ways, the Defendants violated the IMWL by:

   a. failing to pay the Plaintiff at a rate not less than one and one-half times his regular hourly rate of $15.00 for the overtime hours that he worked; and

   b. failing to provide the Plaintiff with pay stubs that listed his hourly wage rate and the number of hours he worked each week..

45. The Defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

46. The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

8

WHEREFORE the Plaintiff prays for judgment in his favor and against the Defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the Plaintiff for each hour the Plaintiff worked in excess of 40 in any given week, but for which the Defendants failed to pay the Plaintiff at a rate not less than one and one-half times his regular, hourly rate (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. statutory punitive damages as allowed by the IMWL;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

## COUNT III
### (Violation of the IWPCA)

47. The Plaintiff re-alleges the foregoing allegations.

48. The Plaintiff and the Defendants had agreed that the Defendants would pay the Plaintiff at the rate of $15.00 per hour for his labor (the "Agreement").

49. The Agreement is evidenced by the fact that the Defendants did in fact pay the Plaintiff at the rate of $15.00 per hour for his labor in most of the weeks that he worked.[2]

50. Beginning in about July, 2015, and continuing through the termination of the Plaintiff's employment on September 5, 2015, the Defendants shorted the Plaintiff's paychecks in certain weeks.

---

[2] As alleged above, however, the Defendants paid the Plaintiff at his straight rate of $15.00 per hour even for the overtime hours he worked.

51. In other words, for example, the Plaintiff may have worked 55 hours in one week but the Defendants paid him for only 30 hours that week.

52. Among other ways, the Defendants violated the IWPCA by failing to pay the Plaintiff for all of the hours he worked at the rate of $15.00 in accordance with the parties' Agreement.

WHEREFORE the Plaintiff prays for judgment in his favor and against the Defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages due and owing to the Plaintiff for each hour the Plaintiff worked but for which the Defendants failed to pay the Plaintiff at a rate not less than $15.00; and

B. interest on all amounts awarded;

C. attorneys' fees, together with costs of suit and collection; and

D. such further relief as may be fair and just in the premises.

## JURY DEMAND

The Plaintiff demands a trial by jury of all issues set forth herein that are capable of being tried by a jury.

Respectfully submitted,

/s/Paul Luka
On of the Plaintiff's Attorneys

Paul Luka
LAW OFFICE OF PAUL LUKA, P.C.
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 971-7309
paul@lukapc.com

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Law Office of Paul Luka, P.C. to pursue his/her claims for unpaid wages, and other relief, against Economy Construction, Inc. and Javier Cervantes, and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

_____
Signature

_____
Juan Carlos Aguirre
Print Name